UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDELL EARL MARTIN,<br><br>    Plaintiff,<br><br>  v.<br><br>LOADHOLT,<br><br>    Defendants.<br>_____ / | CASE NO.   1:10-CV-00156-LJO-MJS (PC)<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF NO. 1)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

**SCREENING ORDER**

**I.    PROCEDURAL HISTORY**

On February 1, 2010, Plaintiff Claudell Earl Martin, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.)

Plaintiff's Complaint is now before the Court for screening.

-1-

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393–94 (1989).

## III. SUMMARY OF COMPLAINT

Plaintiff is incarcerated at the California Department of Corrections and Rehabilitation ("CDC"), Corcoran State Prison, ("CSP"). (Compl. p. 5-6, ECF No. 1.)

Plaintiff complains that Defendant Loadholt, a physician employed by CDC on staff at CSP, was deliberately indifferent to his medical needs, unprofessional, and retaliated against him for a related prison grievance, in violation of the First, Eighth, and Fourteenth Amendments. (Compl. at 3.)

Plaintiff names Defendant Loadholt in her official and individual capacities. (Id. at 6.)

Plaintiff had heart surgery in 2004 and was placed on a "prescribed medical plan" by an outside medical specialist. (Id. at 5.)

Plaintiff continued to have chest pain, and on May 5, 2008 he asked Defendant why his cholesterol medication was changed without notice and contrary to his "prescribed medical plan", (Id. at 6-7).   Defendant disagreed with Plaintiff and became "irrate". (Id.)

The next day Plaintiff filed a grievance against Defendant. (Id.)

Defendant then became "vexed [at Plaintiff, stating] ... oh! but we don't do enough for you?" (Id.) and retaliated by requiring Plaintiff to pick-up his cholesterol medication at the "pill line window" rather than allowing Plaintiff to keep it on his person. (Id. at 8.) She told Plaintiff "we can do as we want and I want you to pick your cholesterol medication up here at the pill window." (Id.)

Plaintiff subsequently grieved this retaliatory requirement. (Id.) His appeal was granted in October of 2008 and he was allowed to keep his cholesterol medication on his person. (Id. at 9.)

Plaintiff seeks a declaration that Defendant violated his rights, to enjoin Defendant "and other agents of CRC at CSP" from retaliating against him or delaying, denying, or interfering with his medication, $20,000 in compensatory damages, and $10,000 in punitive damages. (Id. at 14-15.)

///////

## IV. ANALYSIS

### A. Pleading Requirements Generally

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir.1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief ...." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

### B. Deliberate Indifference

Plaintiff claims that Defendant was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two prong test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a

-4-

prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991)), (overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997)) (quoting Estelle, 429 U.S. at 104). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health ...." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–06). A defendant acts with deliberate indifference when he knowingly fails to respond to a serious medical need, thereby inflicting harm on the plaintiff. Farmer, 511 U.S. 825 at 837-42. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a [Section] 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances

... and ... that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.1986). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Veld, 891 F.2d 240, 242 (9th Cir. 1989).

Plaintiff's allegation of a post-surgical heart condition causing chronic pain and requiring a drug treatment plan demonstrates a serious medical need, satisfying the first prong of his deliberate indifference claim. See McGuckin, 974 F.2d at 1059–60 ("[T]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.") Plaintiff has alleged, for purposes of screening, a serious medical need sufficient to satisfy the first prong of deliberate indifference.

However, Plaintiff's allegations do not support a claim that Defendant was deliberately indifferent to Plaintiff's medical needs. Plaintiff expresses concern over the alleged lack consultation before changing his cholesterol medication and also over the drug dispensing restriction imposed by Defendant. Yet these events, taken as true, do not demonstrate deliberate indifference. There is no evidence that Defendant intentionally acted in a medically unacceptable manner.

Plaintiff does not have a right to any particular course of treatment or medication, and outside medical providers may not prescribe or dictate diagnosis, care, or treatment for

inmates.[1] The evidence indicates that Plaintiff was given ready access to prison health care and suffered no material delay, denial, or interference with his cholesterol medication. (Compl. at 7-8.) Plaintiff's disagreement as to the choice of prescription drug therapy and the manner of dispensing the drug is not sufficient to state deliberate indifference.

Nor does Plaintiff allege any physical injury as a result of Defendant's alleged acts or omissions. See McGuckin, 974 F.2d at 1060. (Where delay in treatment is alleged as basis for deliberate indifference, the prisoner must also demonstrate that the delay led to further injury).

Plaintiff fails to state a deliberate indifference claim. The Eighth Amendment does not require that prisoners receive "unqualified access to health care." Hudson v. McMillian, 503 U.S. 1, 9 (1992).

The Court will allow leave to amend. If Plaintiff chooses to amend, he must set forth sufficient facts showing (1) a serious medical need, and (2) a deliberately indifferent response to that need on the part of each Defendant. Plaintiff is forewarned that the Court finds it difficult to imagine a constitutional claim arising out of the requirement that Plaintiff pick up his medication rather than keep it with him. He may be better served to focus on the adverse effects, if any, of the unannounced prescription change.

**C.    Retaliation**

Plaintiff claims that Defendant retaliated for his May 6, 2008 grievance by dispensing his cholesterol medication at the pill window ratter than allowing him to keep this medication with him.

---

[1] See Cal.Code Regs. tit. 15, Section 3350-55, relating to the provision of medical care, off-site treatment, and health care examinations.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Silva v. DiVittorio, 685 F.3d 1090, 1104 (9th Cir. 2011).

Plaintiff complaint of retaliatory adverse action suggests only de minimis harm.[2] There is no evidence that his having to pick up medication at the pill window constituted anything more than a mere inconvenience lasting only a relatively brief period. Plaintiff has not satisfied the first element of his retaliation claim.

The second and third elements of a prisoner retaliation claim focus on causation and motive. See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009). A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989)). Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003) (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements). Filing a grievance is a protected action under the First Amendment. Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989); see Rhodes, 408 F.3d at 568 (arbitrary confiscation and destruction of property, initiation of a prison transfer, and assault in retaliation for filing

---

[2] See Morris v. Powell, 449 F.3d 682, 684 (5th Cir. 2006) (De minimis harm is not sufficient to show "adverse action").

grievances); see also Rizzo v. Dawson, 778 F.2d 527, 530-32 (9th Cir. 1985) (retaliatory reassignment out of vocational class and transfer to a different prison). Pursuing a civil rights legal action is also protected under the First Amendment. Rizzo, 778 F.2d at 532 (9th Cir. 1985).

Plaintiff has presented circumstantial evidence demonstrating that the alleged adverse action was related to Plaintiff's May 6th grievance. Plaintiff states Defendant appeared "vexed" with the grievance filing and he attributes to her statements of annoyance and retaliatory action. Plaintiff has satisfied the second and third elements.

With respect to the fourth element, "[it] would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity ...." Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999). The correct inquiry is to determine "whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." Rhodes, 408 F.3d at 568–69 (citing Mendocino Envtl. Ctr., 192 F.3d at 1300)). It does not appear that Plaintiff's First Amendment rights were chilled or that Defendant's actions would chill a person of ordinary firmness from future First Amendment activities. The pill window restriction was de minimis in nature. Plaintiff has not satisfied the fourth element.

With respect to the fifth prong, a prisoner must affirmatively allege that " 'the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo, 778 F.2d at 532. This is not a high burden. See Id. (Prisoner's allegations that search was arbitrary and capricious sufficient to satisfy this inquiry). Plaintiff has alleged there was no penological purpose to the pill window restriction and no such purpose is apparent on the face of the Complaint.

It was eliminated approximately four months after being instituted. Plaintiff has demonstrated an absence of legitimate penological purpose in satisfaction of the fifth element of his retaliation claim.

Plaintiff has not alleged sufficient facts to satisfy all five elements of his retaliation claim. The Court will allow Plaintiff an opportunity to amend. If Plaintiff chooses to amend, he must set forth sufficient facts showing all five of the above noted elements attributable to each of the Defendants, again keeping in mind that the Court can not envision how the inconvenience of having to pick up medicine, even if a result of a retaliatory motive, could be significant enough to create a constitutional violation.

### D.     Injunctive and Declaratory Relief

Plaintiff seeks injunctive relief that Defendant "and other agents of CRC at CSP" not retaliate against him or delay, deny, or interfere with his medication. Plaintiff fails to satisfy the legal prerequisites for injunctive relief.

Injunctive relief is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. (citing to Munaf v. Geren, 553 U.S. 674, 689-90 (2008)).

In cases brought by prisoners involving conditions of confinement, the Prison Litigation Reform Act (PLRA) requires that any preliminary injunction "be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a).

Plaintiff has not demonstrated that he will succeed on the merits of his case. His Complaint fails to state any cognizable claim.

Plaintiff claims irreparable harm, citing to his prison appeals. However, nothing therein suggests real and immediate threat of injury, by virtue of the pill window restriction, or otherwise. See City of Los Angeles v. Lyons, 461 U.S. 95, 101–102 (1983). The fact that he has not identified any specific adverse consequence from Defendant's alleged acts/omissions, tends to belie his claim.

Plaintiff does not address the third or fourth elements, i.e., the balancing of equities and public interest concerns. First, absent a showing sufficient to find harm to Plaintiff, there is nothing to tip the balance of equities in Plaintiff's favor. Second, while the public has an interest in seeing everyone, including Plaintiff, receive the best practical medical care, the Court can not make a determination on the facts before it as to the best medical course for Plaintiff. Prison medical staff has determined a course of treatment for Plaintiff.  The record before the Court does not justify the Court substituting its judgment for that of the medical staff.

Plaintiff seeks injunctive relief against Defendant and against unnamed agents of CRC at CSP. "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*."  Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1984) (emphasis added). Plaintiff may not seek relief against unnamed agents of CRC.

Plaintiff also seeks equitable relief by a declaration that his rights were violated. Plaintiff's claim for damages necessarily entails a determination whether his rights were

violated, so his separate request for declaratory relief is subsumed by those claims. Rhodes v. Robinson, 408 F.3d 559, 565-66 n.8 (9th Cir. 2005).

The various criteria not having been met, Plaintiff is not entitled to injunctive or declaratory relief. The Court will not allow leave to amend. For the reasons discussed above, leave to amend would be futile.

**E.     Due Process**

Plaintiff claims that Defendant's failure to follow both the prescribed medical plan and certain prison regulations relating to grievances, prisoner medical care and security,[3] violated his due process rights. The facts before the Court, taken as true, do not support a due process violation.

Defendant's alleged actions/omissions relating to Plaintiff's prison appeal cannot give rise to any claim for relief under Section 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F.Supp. 8, 10 (D.C. Ill. November 02, 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); accord Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). Under state law, the existence of a liberty interest created by prison regulations is

---

[3] Plaintiff cites to Cal.Code Regs. tit. 15, Sections 3084.1 (d), 3270, and 3350.

determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481–84 (1995). Liberty interests created by state law are "generally limited to freedom from restraint which ... imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

Plaintiff's allegations that Defendant was unprofessional and dispensed his cholesterol medication through the pill window do not rise to the level of an atypical and significant hardship. Nor does a prison official's mere violation of a prison regulation constitute a constitutional violation. Edwards v. Johnson, 209 F.3d 772, 779 (5th Cir. 2000), (citing Jackson v. Cain, 864 F.2d 1235, 1251-52 (5th Cir. 1989).

Plaintiff fails to state a due process claim in these regards. Leave to amend will not be granted because amendment of this claim would be futile.

## V.  **CONCLUSION AND ORDER**

Plaintiff's Complaint does not state a claim for relief under Section 1983. The Court will grant Plaintiff one opportunity to file an amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948–49. Plaintiff must set forth "sufficient factual matter ... to 'state a claim that is plausible on its face.'"Id. at 1949 (quoting Twombly, 550 U.S. at 555).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint" refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed.R.Civ.P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level ...." Twombly, 550 U.S. at 555.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his Complaint, filed February 1, 2010;

2. Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days from service of this order; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action shall be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio 658 F.3d 1090 (9th Cir. 2011). IT IS SO ORDERED.

Dated: February 15, 2012         /s/ *Michael J. Seng*
ci4d6                            UNITED STATES MAGISTRATE JUDGE