UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDELL EARL MARTIN,<br><br>           Plaintiff,<br><br>      v.<br><br>LOADHOLT,<br><br>           Defendants.<br>_____/ | CASE NO.   1:10-cv-00156-LJO-MJS (PC)<br><br>FINDINGS AND RECOMMENDATIONS FOR DISMISSAL OF ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM<br><br>(ECF NO. 19)<br><br>THIRTY (30) DAY DEADLINE |

**SCREENING ORDER**

**I.    PROCEDURAL HISTORY**

On February 1, 2010, Plaintiff Claudell Earl Martin, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) Plaintiff has declined Magistrate Judge jurisdiction. (Req. for Reassignment, ECF No. 5.)

-1-

The Court previously screened Plaintiff's Complaint and dismissed it for failure to state a claim, but granted Plaintiff leave to file an amended complaint (Order Dismissing, ECF No. 15.) The First Amended Complaint (First Am. Compl., ECF No. 19) is now before the Court for screening.

## II.     SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393–94 (1989).

## III.    SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff's First Amended Complaint includes as its sole claim a renewal of the First Amendment retaliation claim asserted in his original Complaint. He repeats factual

allegations that on or about May 6, 2008 he filed a prison grievance against Defendant Loadholt, a medical doctor at Corcoran State Prison, (First Am. Compl. at 9) regarding a change in his cholesterol medication (Id. at 15). "[S]omedays after that"[1] Defendant Loadholt summoned him, became irate that Plaintiff had filed a grievance against her (Id. at 15) left the room and returned stating "I told you, you were being narrow-minded. We can do this! So now you will pick your cholesterol medication up at the window everyday." (Id. at 9-10.) When Plaintiff asked why he would be no longer able to keep this medication on his person, Defendant Loadholt replied "you don't get it, we can do what we like with your medication; now, you will come to the window and take your cholesterol medication." (Id.)

Plaintiff alleges the pill window restriction was arbitrary and contrary to prison regulations[2] and an adverse action taken against him by Defendant Loadholt in retaliation for his grievance violating his First Amendment rights. (Id. at 4, 9-10.)

Plaintiff subsequently grieved this retaliatory requirement (Id. at 17, 24-25). His appeal was granted in October 2008 and he was allowed to keep his cholesterol medication on his person. (Id. at 29.)

Plaintiff seeks declaratory relief as well as compensatory and punitive damages. (Id. at 4.)

////////

////////

---

[1] Variously "some weeks later ...." (First. Am. Compl. at 32.)

[2] Plaintiff cites to Cal.Code Regs. tit. 15, §§ 3004 (Rights and Respect of Others) and 3351 (Inmate Refusal of Treatment).

IV. **ANALYSIS**

    A. <u>**Pleading Requirements Generally**</u>

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Ketchum v. Alameda Cnty</u>., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief ...." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" <u>Id.</u> Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. <u>Id.</u> at 1949–50.

    B. **Retaliation**

Plaintiff reiterates, but does not add to, the factual allegations of retaliation contained in his original Complaint. He claims that Defendant retaliated for his May 6, 2008 grievance by dispensing his cholesterol medication at the pill window rather than allowing him to keep this medication with him.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an

inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Silva v. DiVittorio, 685 F.3d 1090, 1104 (9th Cir. 2011).

For the reasons noted in the Court's previous screening order, Plaintiff has satisfied the second, third and fifth elements of retaliation. He has shown through circumstantial evidence that his May 6th grievance, protected conduct under the First Amendment, was a "'substantial' or 'motivating' factor behind the defendant's alleged retaliatory conduct." Id. (quoting Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989)). He also has alleged facts plausibly showing that "the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo, 778 F.2d at 532. In fact the pill window restriction was eliminated approximately four months after being instituted.

However, Plaintiff has not successfully amended to allege facts plausibly showing the first and fourth elements of his retaliation claim. He was advised in the Court's previous Order that the alleged retaliatory adverse action, the pill window restriction, reflected only de minimis harm and not a sufficient basis for a cognizable retaliation claim[3]. As noted, the Court could not envision how the inconvenience of having to pick up medicine, even if a result of a retaliatory motive, could be significant enough to create a constitutional violation. (Order Dismissing at 10.)

The First Amended Complaint suffers from the same defect. There is nothing before

---

[3] See Morris v. Powell, 449 F.3d 682, 684 (5th Cir. 2006) (De minimis harm is not sufficient to show "adverse action").

the Court suggesting that the procedure constituted anything more than a mere inconvenience lasting only a relatively brief period. The prison regulations cited in the First Amended Complaint, dealing with "mutual respect" and "inmate refusal of medical treatment" are not factually or legally relevant to Plaintiff's claimed adverse action.[4] Plaintiff again has failed to satisfy the first element of his retaliation claim. He also fails to plausibly allege the fourth element of retaliation because the window restriction would not chill a person of ordinary firmness from future First Amendment activities.

Based on the record in this case and the absence of any indication that Plaintiff can successfully amend, further leave to amend is not warranted. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996)) (denial of leave to amend is not an abuse of discretion where further amendment would be futile); see also Robinson v. California Bd. of Prison Terms, 997 F.Supp. 1303, 1308 (C.D. Cal. 1998) ("Since plaintiff has not, and can not, state a claim containing an arguable basis in law, this action should be dismissed without leave to amend; any amendment would be futile.") (citing Newland v. Dalton, 81 F.3d 904, 907 (9th Cir. 1996)).

## V.   CONCLUSION AND ORDER

Plaintiff's First Amended Complaint does not state a claim for relief under § 1983. Further leave to amend would be futile and is not warranted. Accordingly, it is **RECOMMENDED** that this matter be **DISMISSED WITH PREJUDICE by the District Judge**.

---

[4] See *supra* note 2. A prison official's mere violation of a prison regulation is not a constitutional violation. Edwards v. Johnson, 209 F.3d 772, 779 (5th Cir. 2000), (citing Jackson v. Cain, 864 F.2d 1235, 1251-52 (5th Cir. 1989).

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these Findings and Recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    March 29, 2012            /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE