IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDELL EARL MARTIN,<br><br>        Plaintiff,<br><br>   vs.<br><br>LOADHOLT,<br><br>        Defendant.<br>_____/ | CASE No. 1:10-cv-00156-LJO-MJS (PC)<br><br>FINDINGS AND RECOMMENDATIONS (1) DENYING DEFENDANT'S MOTION TO DISMISS ACTION FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES (2) DENYING PLAINTIFF'S MOTION NOT TO EXTEND TIME FOR DEFENDANT'S RESPONSIVE PLEADING<br><br>(ECF Nos. 38, 43)<br><br>OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS |

## I.    PROCEDURAL HISTORY

On February 1, 2010, Plaintiff Claudell Earl Martin, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) The action proceeds against Defendant Loadholt for retaliation as alleged in the First Amended Complaint. (ECF No. 33.)

On January 18, 2013, Defendant filed a Motion to Dismiss the First Amendment claim pursuant to Fed. R. Civ. P. 12(b) on grounds Plaintiff failed to exhaust his

-1-

administrative remedies. (ECF No. 38.) Therein Defendant notified Plaintiff of his rights, obligations and methods for opposing the Motion to Dismiss pursuant to <u>Woods v. Carey</u>, 684 F.3d 934 (9th Cir. 2012) and <u>Wyatt v. Terhune</u>, 315 F.3d 1108 (9th Cir. 2003). Plaintiff filed Opposition to the Motion to Dismiss on February 13, 2013. (ECF No. 42.) Defendant filed a Reply to the Opposition on February 19, 2013. (ECF No. 44.)

On February 13, 2013, Plaintiff also filed a Motion to Not Extend Time for Defendant's Rule 12(b) responsive pleading. (ECF No. 43.) Defendant has not filed any opposition to this Motion and the time for doing so has passed.

These Motions are now before the Court.

## II.    SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff alleges as follows in his First Amended Complaint:

While an inmate at Corcoran State Prison ("CSP"), Planitiff required prescription cholesterol medication. On May 6, 2008, Plaintiff filed a prison grievance against Defendant, a CSP medical staff employee,[1] complaining Defendant was unprofessional and disrespectful in responding to Plaintiff's concern that his cholesterol medication had been changed without his knowledge. Defendant became irritated when she noticed the grievance in Plaintiff's medical file. Defendant retaliated for the grievance by requiring that Plaintiff pick-up his daily cholesterol medication at the pill-window[2] instead of keeping it on his person as he had been allowed to do before the grievance. Plaintiff grieved the retaliatory pill-window restriction. His appeal was granted in October 2008 and he was then allowed to keep his cholesterol medication on his person again.

---

[1] The First Amended Complaint described Defendant Loadholt as an MD; however for purposes of the instant Motion to Dismiss the parties appear to concede Defendant is a nurse practitioner.

[2] Variously referred to as the "DOT Line."

Plaintiff seeks monetary damages and declaratory relief.

## III. LEGAL STANDARDS

### A. Failure to Exhaust

The Prison Litigation Reform Act ("PLRA") stipulates, "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Therefore, prisoners are required to exhaust all available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007). The Supreme Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Further, the exhaustion of remedies is required, regardless of the relief sought by the prisoner, as long as the administrative process can provide some sort of relief on the prisoner's complaint. Booth v. Churner, 532 U.S. 731, 741 (2001). "[P]roper exhaustion of administrative remedies is necessary," and "demands compliance with an agency's deadlines and other critical procedural rules . . . ." Woodford v. Ngo, 548 U.S. 81, 90-91 (2006).

The California Department of Corrections and Rehabilitation ("CDCR") has an administrative grievance system for prisoner complaints; the process is initiated by submitting a CDCR Form 602. Cal. Code Regs. tit. 15, §§ 3084.1, 3084.2(a). During the time relevant to this case, four levels of appeal existed: an informal level, a first formal level, a second formal level, and a third formal level, also known as the "Director's Level"; each successive appeal had to be submitted within fifteen working days of the event being appealed. Id. at §§ 3084.5, 3084.6(c).

Section 1997e(a) does not impose a pleading requirement, but rather, is an

affirmative defense under which Defendant has the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 215; Wyatt, 315 F.3d at 1119. The failure to exhaust non-judicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119, citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119–20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

### B.   Effect of Motion to Dismiss on Responsive Pleading

"Unless the court sets a different time, serving a motion under [Rule 12 of the Federal Rules of Civil Procedure] alters these periods as follows: (A) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action." Fed. R. Civ. P. 12(a)(4).

## IV.   ARGUMENT - MOTION TO DISMISS

### A.   Defendant's Moving Argument

Defendant argues Plaintiff failed to exhaust available administrative remedies because he did not appeal the alleged retaliatory pill-window restriction within the requisite fifteen working days of Defendant's imposition of the restriction. According to inmate appeal documents attached to the First Amended Complaint, the pill-window restriction was imposed not later than May 20, 2008.[3] Yet Plaintiff did not file an appeal of Defendant's alleged retaliatory pill-window restriction until August 24, 2008. Well beyond the fifteen working day period for doing so.

Defendant further argues that CDCR's processing, and granting of Plaintiff's

---

[3] Citing to First Am. Compl., Ex. B. at 26.

(untimely) August 24, 2008 appeal at the second level is immaterial and not a waiver of the untimeliness defect.

### B. Plaintiff's Opposition Argument

Plaintiff concedes he did not file an appeal of the pill-window restriction within fifteen working days, but argues prison staff nonetheless exercised discretion to accept and process his appeal and provided complete relief at the second level. Plaintiff argues he exhausted all appeal remedies available to him. Once full relief was granted at the second level, no further administrative remedies remained available to him.

### C. Defendant's Reply Argument

Defendant re-argues Plaintiff's August 24, 2011 prison appeal was outside the fifteen working day deadline and claims that untimeliness defense was not waived by prison officials' accepting, investigating and granting relief.

Defendant further argues that Plaintiff has produced no evidence he was excused from the fifteen day deadline.

## V. ANALYSIS

After carefully reviewing the record, the undersigned concludes that Defendant's Motion to Dismiss should be denied. Although Plaintiff's August 24, 2008 prison appeal was untimely, Defendant is equitably estopped from asserting the delay as a defense.

### A. Plaintiff's Appeal No. CSPC-9-08-16496 was Untimely

Plaintiff's August 24, 2008 Appeal No. CSPC-9-08-16496 ("Appeal") was untimely. It was filed more than fifteen working days after Defendant's alleged pre-May 20, 2008 act of retaliation. First Am. Compl., Ex. B at 26; Cal. Code Reg tit. 15 § 3084.6(c). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Woodford, 548 U.S. at 90–91.

Plaintiff concedes such untimeliness in his opposition to Defendant's Motion. Plaintiff claims however that non-party Dr. Ulit, on May 20, 2008, agreed to remove the pill-window restriction. First Am. Compl., Ex. B at 26. Plaintiff does not suggest that he delayed filing his Appeal in anticipation of favorable action by Dr. Ulit, or that the administrative appeal process was unavailable to him during the fifteen day appeal period. See Albino v. Baca, 697 F.3d 1023, 1031 (9th Cir. 2012) (holding that after the defendant meets his burden of showing that the process was available the burden shifts to plaintiff to demonstrate that the procedure was unavailable).

Plaintiff also suggests prison officials had discretion to extend the fifteen working day deadline and did so here. There is however, no evidence of any such extension.

**B.     Defendant is Estopped to Assert Untimeliness Defense**

Prison officials accepted and processed Plaintiff's late prison Appeal through a full grant of relief at the second level. First Am. Compl., Ex. C at 29. Such action estops Defendant from asserting an untimeliness defense.

1.     Equitable Exception to Exhaustion

The exhaustion requirement of Woodford may be avoided where the facts of the case demonstrate a defense of waiver, estoppel, or equitable tolling. Johnson v. Ford, 261 F. Appx. 752, 753 (5th Cir. 2008).

The U.S. Supreme Court and the Ninth Circuit Court of Appeals have not decided whether the PLRA's exhaustion requirement is subject to exception. Woodford, 548 U.S. at 104 (Breyer, J., concurring) (assuming exceptions apply); Ngo v. Woodford, 539 F.3d 1108, 1110 (9th Cir. 2008) ("It is unclear whether we can read exceptions into the PLRA's exhaustion requirement.").

However, many other circuits have concluded that an exception exists, or exhaustion has been completed, where the petitioner could not properly exhaust due to the conduct or inaction of prison officials. See e.g. Moore v. Bennette, 517 F.3d

717, 725 (4th Cir. 2008) ("[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it."); Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007) (stating that courts must "ensure any defects in exhaustion were not procured from the action or inaction of prison officials"); Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006) (holding an administrative remedy unavailable under the PLRA where prison staff fail to respond to a properly-filed grievance or commit misconduct that prevents exhaustion); Abney v. McGinnis, 380 F.3d 663, 667 (2d Cir. 2004) (administrative remedies not available under the PLRA, and defendants estopped from raising non-exhaustion where the petitioner could not use the administrative appeals process due to prison officials' conduct or failure to timely process the appeal).

Estoppel may be found where actions taken by defendant prevent a plaintiff from filing suit. Lukovsky v. City and County of San Francisco, 535 F.3d 1044, 1051-52 (9th Cir. 2008), citing Cada v. Baxter Healthcare Corp., 920 F.2d 446, 450-51 (7th Cir. 1990). Under California law, equitable estoppel requires that: (1) the party to be estopped must be apprised of the facts; (2) that party must intend that his or her conduct be acted on, or must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of facts; and (4) the party asserting the estoppel must reasonably rely on the conduct to his or her injury. Lukovsky, 535 F.3d at 1051, citing Honig v. San Francisco Planning Dep't, 127 Cal.App.4th 520, 529 (Cal. Ct. App. 2005).

      2.  Defendant is Estopped to Assert Untimeliness

Defendant asserts an untimeliness defense to Plaintiff's Appeal even though the Appeal was never rejected or cancelled for untimeliness. Plaintiff was given no notice of, or opportunity to administratively appeal, untimeliness; his Appeal was

accepted.[4] Plaintiff was unable to exhaust his administrative remedies as to any untimeliness defense due to prison officials' failure to reject or cancel his Appeal on that basis. No other or further administrative review process was made available. See Hill v. Curcione, 657 F.3d 116, 125 (2d Cir. 2011) (a late filing that is accepted and decided on the merits fulfills the exhaustion requirement of the PLRA); cf. Payne v. Pitkins, 447 F. Appx. 291, 292 (3d Cir. 2011) (failure to exhaust found where inmate's claim was filed well past the fifteen day timeframe for filing grievance, was rejected as untimely, and inmate then failed to appeal the rejection).

Plaintiff can not be said to have procedurally defaulted in his Appeal recourse as to such an "untimely" claim. See Spruill v. Gillis, 372 F.3d 218, 234 (3d Cir. 2004) (inmate does not procedurally default, so as to fail to exhaust where not on notice of need to grieve a particular form of relief). Moreover, Plaintiff's Appeal was processed by prison officials and complete relief was granted at the second level, exhausting all available administrative remedies. Woodford, 548, U.S. at 87.

The actions of prison officials prevented Plaintiff from timely pursuing administrative remedies on Defendant's proffered untimeliness defense. The Woodford Court suggests that acceptance of a late appeal would not place an inmate in procedural default of administrative remedies absent some other procedural violation. See Woodford, 548 U.S. at 95 ("[A]cceptance of [a] late grievance would not thwart the prisoner's wish to bypass the administrative process; the prisoner could easily achieve this by violating other procedural rules until the prison administration has no alternative but to dismiss the grievance on procedural grounds."). Acceptance of Plaintiff's late Appeal was unaccompanied by any further procedural infirmity. The Appeal was not dismissed on procedural grounds.

---

[4] Untimeliness as grounds for rejecting an appeal may be separately appealed. See Cal. Code Regs. tit. 15 § 3084.6(e).

Defendant argues entitlement to the untimeliness defense notwithstanding acceptance and investigation of Plaintiff's Appeal, arguing that (1) otherwise prison officials would be disinclined to investigate and voluntarily remedy untimely claims of mistreatment for fear of forfeiting a valid untimeliness defense, and (2) a line of Title VII discrimination cases stands for the proposition that acceptance of a late claim is not a waiver of an untimeliness defense. The policy argument is unavailing here because prison officials granted the Appeal on the merits at the second level, after acceptance and investigation, without ever raising untimeliness. The case law cited is equally unavailing. The Woodford Court expressly found that the filing requirement of Title VII discrimination actions does not require exhaustion of remedies and can not be viewed as a model for PLRA exhaustion. Woodford, 548 U.S. at 99. Additionally, the Court denies the instant motion based not upon waiver of untimeliness, but rather estoppel to assert untimeliness.[5]

### 3. Estoppel Furthers Justice and Policy

Exhaustion requirements may be excused where dismissal would not further the interests of justice or the purposes of the exhaustion requirement. Johnson, 261 F. Appx. at 755. The doctrine of exhaustion of administrative remedies serves the main purposes of affording an agency "an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court," discouraging "disregard of [the agency's] procedures", and "promot[ing] efficiency" by resolving claims outside of litigation. Woodford, 548 U.S. at 88.

Prison officials had the benefit of reviewing and granting Plaintiff's Appeal. Plaintiff apparently received all the relief he sought under the Appeal. Plaintiff was

---

[5] Waiver is the "intentional relinquishment of a known right." Cain v. Texas Dept. Of Criminal Justice-Correctional Institutions Div. Director, - - - F.Supp.2d - - - , 2007 WL 917377 at *1 (S.D. Tex. March 23, 2007), citing United States v. Dodson, 288 F.3d 153, 160 (5th Cir. 2002), quoting United States v. Olano, 113 S.Ct. 1770, 1777 (1993). Waiver is not applicable here, based upon the evidence before the Court.

required to appeal to the third level only if he disagreed with the second level appeal response. (First Am. Compl., Ex. C at 29-30.) Since he did not so disagree, no other or further administrative review process remained available to Plaintiff.

To now find Plaintiff's Appeal untimely would not further the principles underlying the exhaustion doctrine because complete review on the merits by full grant of relief at the second level was accomplished. See Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010) (inmate's failure to exhaust under PLRA excused where he took reasonable and appropriate steps to exhaust and was precluded not through his own fault but by the mistake of prison staff); see also Jones v. Plessas, 2011 WL 5593038 at *1 (E.D. Cal. November 16, 2011), citing Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005) (a prisoner need not exhaust further levels of review once he has been reliably informed by an administrator that no more remedies are available).

The primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution," Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009). This Plaintiff accomplished.

## VI.    MOTION TO DENY DEFENDANT EXTENSION OF TIME

Plaintiff argues Defendant's Motion to Dismiss is taken in "bad faith" and that the Court should not "extend any time for [Defendant] to respond to the Plaintiff's pleading . . . ." (ECF No. 43 at 1-2.)

Plaintiff characterizes as bad faith Defendant's failure to provide evidence that prison officials lack authority to extend the 15 working day deadline. This argument is unavailing here because Defendant has demonstrated Plaintiff's Appeal was untimely.

Nothing in the record suggests Defendant is motivated by an improper purpose or that the Defendant's Motion is frivolous. Sanctions are to deter baseless filings and should not be imposed to stifle advocacy. Photocircuits Corp. v. Marathon Agents, Inc., 162 F.R.D. 449, 451 (E.D.N.Y. 1995). By submitting a motion, a party certifies that, to

the best of his/her knowledge, upon reasonable inquiry, it is not presented for any improper purpose, the legal contentions are warranted and the factual contentions have evidentiary support. Fed. R. Civ. R. 11. Plaintiff has not made any factual showing that Defendant has violated Rule 11 in these regards.

For these reasons. Plaintiff's Motion should be denied.

## VII.    CONCLUSIONS AND RECOMMENDATIONS

Defendant's Motion to Dismiss on grounds of failure to exhaust administrative remedies (ECF No. 38) should be denied. Plaintiff's Appeal No. CSPC-9-08-16496, seeking relief from the Defendant's action requiring cholesterol medication be dispensed at the pill-window, was untimely. However, Defendant is estopped to assert the defense of untimeliness for the reasons stated above.

Plaintiff Motion Not to Extend Time for Defendant's Rule 12(b) responsive pleading (ECF No. 43) is unsupported and should be denied.

Accordingly, for the reasons stated above the undersigned RECOMMENDS that (1) Defendant's Motion to Dismiss (ECF No. 38) be DENIED, and (2) Plaintiff Motion Not to Extend Time for Defendant's Rule 12(b) responsive pleading (ECF No. 43) be DENIED. These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.

////////
////////
////////

1 | The parties are advised that failure to file objections within the specified time
2 | may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153
3 | (9th Cir. 1991).

5 | IT IS SO ORDERED.

6 | Dated:   March 18, 2013                    /s/ *Michael J. Seng*
          UNITED STATES MAGISTRATE JUDGE