UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDELL EARL MARTIN,<br><br>Plaintiff,<br><br>v.<br><br>LOADHOLT,<br><br>Defendants.<br>_____ / | CASE No. 1:10-cv-00156-LJO-MJS (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS (1) DENYING DEFENDANT'S MOTION TO DISMISS ACTION FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES (2) DENYING PLAINTIFF'S MOTION NOT TO EXTEND TIME FOR DEFENDANT'S RESPONSIVE PLEADING<br><br>(ECF Nos. 38, 43)<br><br>CASE TO REMAIN OPEN |

I.  **PROCEDURAL BACKGROUND**

On February 1, 2010, Plaintiff Claudell Earl Martin, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 of the United States District Court for the Eastern District of California.

On March 18, 2013, Findings and Recommendations (ECF No. 46) were filed in which the Magistrate Judge recommended that (1) Defendant's Motion to Dismiss on grounds of failure to exhaust administrative remedies filed January 18, 2013 (ECF No. 38), and (2) Plaintiff's Motion Not to Extend Time for Defendant's Rule 12(b) Responsive Pleading (ECF No. 43) be DENIED by the District Judge. The parties were notified that objection, if any, was due within fourteen days. (Id.)

Defendant filed Objections to the Findings and Recommendations on March 29, 2013. (ECF No. 47.) Plaintiff filed a Reply to the Objections on April 15, 2013. (ECF No. 48.)

## II.  DISCUSSION

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

### A.  **Defendant's Objections**

Defendant objects to that portion of the Findings and Recommendations denying his Motion to Dismiss on grounds (1) the Court of Appeals for the Ninth Circuit has not decided whether estoppel is a bar to failure to exhaust, (2) out of circuit case law supporting estoppel is distinguishable, (3) estoppel as a bar to failure to exhaust is a disincentive for prison officials to resolve grievances at the administrative level, (4) there was no exhaustion at the second level because Plaintiff was not granted complete relief on Appeal No. CSPC-9-08-16496 ("Appeal").

### B. Plaintiff's Reply to Objections

Plaintiff asserts the Findings and Recommendations should be adopted. He asserts (1) Defendant merely reargues points previously considered by the Magistrate, (2) estopping Defendants from the exhaustion defense furthers the interests of justice for the reasons stated in the Findings and Recommendations, (3) the cases cited by the Magistrate in support of estoppel are on point, (4) Plaintiff delayed filing his appeal due to conduct of Dr. Ulit,[1] (5) Plaintiff received complete relief under the second level Appeal decision.

### C. Objections Regarding Motion to Dismiss Lack Merit

#### 1. Estoppel to Bar Exhaustion Defense

Estoppel to bar the exhaustion defense is not precluded by Ninth Circuit precedent and furthers the interests of justice on the facts of this case. Defendant does not suggest this application of estoppel is contrary to Ninth Circuit precedent.

It remains that Plaintiff's facially untimely Appeal was not rejected by prison officials as untimely pursuant to Title 15 regulations, but rather prison officials processed the Appeal and took the opportunity to address and resolve the claims administratively. See Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008) (remedies exhausted where prison officials given opportunity to address claims administratively). Prison officials denied Plaintiff those administrative remedies that would have been available upon rejection of his untimely Appeal. See Abney v. McGinnis, 380 F.3d 663, 667 (2d Cir. 2004) (officials may also be estopped from raising non-exhaustion as an affirmative

---

[1] Plaintiff acknowledges the Magistrate did not make such a finding and the Court disregards this argument.

-3-

defense when they inhibit an inmate's ability to utilize grievance procedures).

Plaintiff was advised his Appeal was granted at the second level and that in the absence of his disagreement with granted relief no further appeal need be taken. Plaintiff agreed with the relief granted. No further administrative remedies were made available to Plaintiff. Inmates are required to exhaust only "available" remedies, 42 U.S.C. § 1997e, determined by the ordinary meaning of that term. Asgrow Seed Co., v. Winterboer, 513 U.S. 179, 187 (1995).

Defendant's attempt to distinguish the cited out of circuit case law supporting estoppel exception is unavailing for the reasons above. Prison officials may not take unfair advantage of the PLRA exhaustion requirement. Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006).

Defendant's argument the application of estoppel might in future disincentivize prison officials' processing and resolving untimely administrative appeals was considered and rejected by the Magistrate, is speculative and not otherwise a basis for objection to the Findings and Recommendations. Likewise Defendant's argument the application of estoppel dis-serves purposes of the Prison Litigation Reform Act ("PLRA"). See Jones v. Plessas, 2011 WL 5593038 at *1 (E.D. Cal. November 16, 2011), citing Brown v. Valoff, 422 F.3d 926, 934–35 (9th Cir. 2005) (a prisoner need not exhaust further levels of review once he has been reliably informed by an administrator that no more remedies are available).

    2.    Complete Relief at Second Level of Appeal

The Appeal claims Defendant retaliated for Plaintiff's 602 grievance by placing cholesterol medication on the DOT Line, (ECF No. 42 at 19-20), and requested "these

-4-

actions be found unacceptable that they clearly place [P]laintiff in harms way, also that 'cholesterol' medication be restored immediately."

The second level Appeal decision states "[the] [A]ppeal is being granted at the Second Level of Review." (Id.)

Defendant's assertion Plaintiff received of less than complete relief at the second level is unsupported by the response to Appeal and is contradicted by Plaintiff's Reply.

Defendant does not suggest, and it does not appear the second level Appeal decision was implemented in a manner that accorded Plaintiff less than complete relief.

### D.  No Objections Regarding Plaintiff's Motion

Neither Party objects to that portion of the Findings and Recommendations denying Plaintiff's Motion Not to Extend Time for Defendant's Rule 12(b) Responsive Pleading.

## III.  CONCLUSION AND ORDER

Defendant's Objections to that portion of the Findings and Recommendations denying his Motion to Dismiss lack merit and fail to raise any material issue of law or fact under the Findings and Recommendations.

Neither Party objects to that portion of the Findings and Recommendations denying Plaintiff's Motion Not to Extend Time for Defendant's Rule 12(b) Responsive Pleading.

Accordingly, IT IS HEREBY ORDERED that:

1. The Court adopts the Findings and Recommendations filed March 18, 2013 that (1) Defendant's Motion to Dismiss on grounds of failure to exhaust administrative remedies (ECF No. 38), and (2) Plaintiff's Motion

Not to Extend Time for Defendant's Rule 12(b) Responsive Pleading (ECF No. 43) be DENIED, in full; and

2. The Court Clerk is directed that this case shall remain open.

IT IS SO ORDERED.

Dated:   **April 29, 2013**          /s/  **Lawrence J. O'Neill**
                                     UNITED STATES DISTRICT JUDGE