# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDELL EARL MARTIN, | Case No. 1:10-cv-00156-LJO-MJS (PC) |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO REQUESTS FOR ADMISSIONS AND PRODUCTION OF DOCUMENTS** |
| v. | |
| LOADHOLT | **(ECF No. 56)** |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. The action proceeds against Defendant Loadholt on a claim of retaliation.

Before the Court is Plaintiff's April 14, 2014 motion to compel further responses to: requests for admissions set one ("RFA") items 7, 8 and 15; and requests for production of documents set one ("RFD") items 14 and 15. Defendant filed opposition. Plaintiff has not replied to the opposition, and the time for doing so has expired. Local Rule 230(*l*).

## I.    LEGAL STANDARDS – DISCOVERY MOTIONS

The discovery process is subject to the overriding limitation of good faith. *Asea, Inc.*

1

*v. Southern Pac. Transp. Co.*, 669 F.2d 1242, 1246 (9th Cir. 1981). Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense, and for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Id.*

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. E.g., *Grabek v. Dickinson*, 2012 WL 113799, at *1 (E.D. Cal. Jan.13, 2012); *Mitchell v. Felker*, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); *Ellis v. Cambra*, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. *Grabek*, 2012 WL 113799, at *1; *Womack v. Virga,* 2011 WL 6703958, at *3 (E.D. Cal. Dec. 21, 2011).

Courts in the Eastern District of California have required, "at a minimum, [that] the moving party plaintiff has the burden of informing the court (1) which discovery requests are the subject of his motion to compel, (2) which of the defendant's responses are disputed, (3) why he believes the defendant's responses are deficient, (4) why the defendant's objections are not justified, and (5) why the information he seeks through discovery is relevant to the prosecution of this action." *Walker v. Karelas*, 2009 WL 3075575, at *1 (E.D. Cal. Sep. 21, 2009); *Brooks v. Alameida*, 2009 WL 331358, at *2 (E.D. Cal. Feb. 10, 2009).

The court must limit discovery if the burden of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C)(iii). "In each instance [of discovery], the determination whether . . . information is discoverable because it is relevant to the claims or

defenses depends on the circumstances of the pending action." Fed. R. Civ. P. 26 Advisory

Committee's note (2000 Amendment) (Gap Report) (Subdivision (b)(1).

All grounds for objection must be stated "with specificity." See *Mancia v. Mayflower*

*Textile Services Co.,* 253 F.R.D. 354, 356 (D.Md. 2008) (boiler-plate objections waived any

legitimate objections responding party may have had); *Chubb Integrated Sys., Ltd. v.*

*National Bank of Wash.,* 103 F.R.D. 52, 58 (D.D.C. 1984) (the objecting party must state

reasons for any objection, "irrelevant" did not fulfill party's burden to explain its objections);

*Pulsecard, Inc. v. Discovery Card Services, Inc.,* 168 F.R.D. 295, 310 (D. Kan. 1996)

(objection on grounds of vagueness and ambiguity overruled if reason and common sense

to attribute ordinary definitions to terms and phrases provided needed clarity).

## II.     DISCUSSION

### A.     Requests for Admissions

#### 1.     Legal Requirements

"A party may serve on any other party a written request to admit, for purposes of the

pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:

(A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of

any described documents." Fed. R. Civ. P. 36(a)(1).

If a matter is not admitted, the answer must specifically deny it or state in detail why

the answering party cannot truthfully admit or deny it. A denial must fairly respond to the

substance of the matter; and when good faith requires that a party qualify an answer or

deny only a part of a matter, the answer must specify the part admitted and qualify or deny

the rest. The answering party may assert lack of knowledge or information as a reason for

failing to admit or deny only if the party states that it has made reasonable inquiry and that

the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4).

1
2
3
4
5
6
7

"The grounds for objecting to a request must be stated," Fed. R. Civ. P. 36(a)(5), and as with other forms of discovery, it is well established that boilerplate objections do not suffice. See e.g., *Thompson v. Yates*, 2011 WL 5975469, at *2-3 (E.D. Cal. Nov. 29, 2011); *Everest Indem. Ins. Co. v. Aventine–Tramonti Homeowners Assoc.*, 2011 WL 3841083, at *2 (D. Nev. Aug. 29, 2011); *Palladini v. City of Milpitas*, 2008 WL 1774090, at *2 (N.D. Cal. Apr. 16, 2008).

8
9
10
11
12
13

"The requesting party may move to determine the sufficiency of an answer or objection." Fed. R. Civ. P. 36(a)(6). "Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer must be served." Id.

14
15
16
17
18
19

Requests for admission ("RFA") are intended to eliminate those issues on which there are no genuine disputes between the parties. *Bovarie v. Schwarzenegger*, 2011 WL 719206, at *6 (S.D. Cal. Feb. 22, 2011). Requests for admission are not a discovery device for gathering evidence, *Id.*, and they are not intended as a substitute for other methods of discovery. *Woodall v. California*, 2010 WL 4316953 at *3 (E.D. Cal. Oct. 22, 2010).

20

       2.     Plaintiff's Motion

21
22

Plaintiff argues that Defendant's responses to Plaintiff's discovery requests are incomplete and evasive and that Defendant's objections lack merit.

23
24
25
26
27

Defendant responds that Plaintiff has not carried his burden of showing why the responses are deficient and the objections unjustified. Defendant maintains the requests do not clearly state what is to be admitted and that she has responded to the best of her knowledge. Plaintiff's disagreement with the responses is not a basis for objection.

28

The parties met and conferred but did not change their respective positions.

Having considered Plaintiff's motion and Defendant's opposition and the relevant

4

discovery requests and responses, the Court rules as follows:

**RFA 7**: "ADMIT At the time you ordered Plaintiff medication to be placed into the window you had not had any problems with the Plaintiff in regards to his medication."

**Response**: "Defendant objects to this request on the ground that it is vague as to the term 'problems [.]' Without waiving this objection, Defendant admits she was concerned Plaintiff would not take his prescribed Simvastatin at the time she ordered Plaintiff to pick it up at the medication window."

**Ruling**: There is vagueness in Plaintiff's use of the phrase "any problems." Defendant's response gives the phrase a reasonable interpretation and, more importantly, answers with what is effectively a refusal to admit the request because Defendant was concerned about the timing of Plaintiff's consumption of the medication and this apparently constituted a "problem" in Defendant's mind.  (The Court cautions that the response may reasonably be read to reflect Defendant's unawareness of any other possible "problem.") Defendant's qualified admission is appropriate given the vagueness of the request. Defendant has done all that is required under the Rules. Plaintiff's motion to compel further response to request for admission 7 is DENIED.

**RFA 8**: "ADMIT In your official capacity you are not authorize to classify which medications are to be 'designated' to the 'ho window' for restriction."

**Response**: "Defendant objects to this request on the grounds that it is nonsensical as written. Therefore, Defendant can neither admit nor deny the request for admission."

**Ruling**: It is unclear what Plaintiff meant by "designated to the ho window for restriction." The request is impermissibly vague. Plaintiff's motion to compel further response to request for admission 8 is DENIED.

**RFA 15**: "ADMIT You made awear [sic] of the decision made by: Jeffrey J. Wang, M.D. (Chief Medical Officer; and Cherly Schutt, III (Health Care Manager); in regard's [sic]

5

to the grievance in this complaint."

**Response**: "After a reasonable inquiry and a review of the decision regarding Plaintiff's grievance, Defendant can neither admit or deny this request because she does not recall whether she was made aware of the decision."

**Ruling**: Defendant has stated upon reasonable inquiry and review of the grievance decision that she cannot recall information sufficient to admit or deny. The Rules require nothing further. Plaintiff's motion to compel further response to request for admission 15 is DENIED.

### B.        Requests for Production of Documents

####        1.        Legal Requirements

A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample items in the responding party's possession, custody or control. Fed. R. Civ. P. 34(a)(1). "Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand." *Allen v. Woodford,* 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007), citing *In re Bankers Trust Co.,* 61 F.3d 465, 469 (6th Cir. 1995); accord *Bovarie,* 2011 WL 719206, at *4; *Evans v. Tilton,* 2010 WL 1136216, at *1 (E.D. Cal. Mar. 19, 2010).

####        2.        Plaintiff's Motion

Plaintiff argues Defendant's objections on vagueness, ambiguity, overbreadth and relevance lack merit. He claims Defendant did not respond to his offer to narrow the requests.

Defendant responds that Plaintiff has not carried his burden of showing the responses are deficient and the objections unjustified. Defendant argues the requests are vague as to what is meant by "open-ended complaints" and "finished complaints" and seek

6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

documents and information not relevant to the claim in issue. Defendant stated that she has no documents responsive to the requests. Defendant asserts that Plaintiff's offer to narrow the requests, made for the first time in the instant motion, is untimely and improper.

The parties meet and confer efforts did not result in any change in their respective positions.

Having considered Plaintiff's motion and Defendant's opposition and the relevant discovery requests and responses, the Court rules as follows:

**RFD 14**: "Any and all documents related to any open-ended complaints."

**RFD 15**: "Any and all finished complaints."

**Responses**:   Defendant responds to both RFDs: "Defendant objects to this request on the grounds that it is vague as to time, overly broad, vague and ambiguous as to the term 'open-ended complaints' and 'finished complaints' and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Defendant responds as follows: Defendant does not have in her possession, custody, or control any documents responsive to this request."

**Ruling**: Given normal usage and context, "open-ended" complaints would reasonably be understood to refer to those which have not been finally determined, and "finished" complaints to those which have been finally resolved. However, each of these two requests leaves a reasonable person unable to determine if "complaints" refer to complaints by Plaintiff (i.e., grievances) or complaints by prison officials against Plaintiff. As such, the requests are vague and ambiguous and not capable of being answered. The request as to closed complaints also is vague and/or overbroad as to time. Plaintiff's motion to compel further response to requests for production Nos. 14 and 15 is DENIED.

In passing, Defendant is cautioned that a response that she has no such documents is interpreted in light of Defendant's duty to respond as to any and all documents in her

7

possession or subject to her custody or control and that of her or her agents and attorneys. Given the context of this litigation, it includes the duty to produce responsive documents in the custody or control of California Department of Corrections and Rehabilitation.

### C.      Re-Opening of Discovery

If Plaintiff believes he needs and is entitled to additional discovery he may motion the Court for an extension of the discovery deadline. Any such request should specifically explain what is needed, why it is relevant to this action and reasonably calculated to lead to the discovery of admissible evidence and why discovery was not completed prior to the deadline.

## III.      ORDER

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's April 14, 2014 motion to compel further responses to RFA items 7, 8 and 15, and to RFD items 14 and 15 (ECF No. 56) is DENIED.


IT IS SO ORDERED.

Dated:    June 2, 2014                    /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE