1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

CLAUDELL EARL MARTIN,

          Plaintiff,

    v.

LOADHOLT,

          Defendant.

Case No. 1:10-cv-00156-LJO-MJS (PC)

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF DISCOVERY ORDER**

**(ECF No. 59)**

     Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. The action proceeds against Defendant Loadholt on a claim of retaliation. On June, 2, 2014, the Court denied Plaintiff's motion to compel further responses to requests for admissions and document production.

     Before the Court are Plaintiff's June 13, 2014 objections to the June 2nd order which the Court construes as a motion for reconsideration.

     Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) is to be used sparingly as an

equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

Plaintiff's objections re-argue matters previously considered by the Court in its June 2nd order. This re-argument and the caselaw he cites in support, *Brown v. Roe*, 279 F.3d 742, 744 (9th Cir. 2002) (dealing with newly presented evidence), *Brown v. U.S.*, 276 U.S. 134, 143 (1928) and *Consolidated Rendering Co., v. State of Vt.*, 207 U.S. 541, 543-544 (1908) (dealing with specificity on document production request), and *Maleng v. Cook*, 490 U.S. 488, 492 (1989) (dealing liberal construal of pro se pleadings) fail for the reasons discussed in the June 2nd order. Plaintiff is referred to that order for the specifics on why the Court found his motion deficient.

Plaintiff also argues that the Court should have reached the merits of his motion even though he did not reply to Defendant's opposition. The Court did rule on the merits. Plaintiff was not required to file a reply to the opposition and his failure to do so was noted only to indicate the procedural status of the motion.

In summary, Plaintiff's arguments do not demonstrate any error of fact or law in the June 2nd order.

If Plaintiff believes he needs and is entitled to additional discovery he may motion the Court to reopen discovery and modify scheduled deadlines. Any such motion should specifically explain what is needed, why it is relevant to this action and reasonably calculated to lead to the discovery of admissible evidence, and why discovery was not completed prior to the deadline.

2

Accordingly, for the reasons stated, Plaintiff's objections to the Court's June 2, 2014 order construed as a motion for reconsideration (ECF No. 59) is DENIED.


IT IS SO ORDERED.

Dated:   June 24, 2014                        /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE