# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDELL EARL MARTIN,<br><br>Plaintiff,<br><br>v.<br><br>LOADHOLT,<br><br>Defendant. | Case No. 1:10-cv-00156-LJO-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>**(ECF No. 62)** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. The action proceeds against Defendant Loadholt on a claim of retaliation. On June, 2, 2014, the Magistrate Judge assigned to this case denied Plaintiff's motion to compel further responses to requests for admissions and document production (ECF No. 58). On June 25, 2014, the Magistrate Judge denied Plaintiff's motion for reconsideration of the June 2nd order (ECF No. 60).

Before the Court is Plaintiff's July 10, 2014 objection to the Magistrate Judge's orders above seeking reconsideration by the assigned District Judge. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The motion is suitable for decision without an

1

opposition. Local Rule 230(*l*).

## I. LEGAL STANDARD

Local Rule 303 provides that "[a] party seeking reconsideration of the Magistrate Judge's ruling shall file a request for reconsideration by a Judge . . . specifically designat[ing] the ruling, or party thereof, objected to and the basis for that objection."

"Reconsideration motions are committed to the discretion of the trial court." *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983); *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision. See e.g., *Kern–Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir.1987)." *Atcherley v. Clark*, 2014 WL 2722757, at 1* (E.D. Cal. June 16, 2014).

A motion to reconsider a Magistrate Judge's ruling is reviewed under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). The court may set aside only those portions of a Magistrate Judge's order that are either clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); see also *Grimes v. City and County of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991) (discovery orders are non-dispositive pretrial matters that are reviewed for clear error under Fed. R. Civ. P. 72(a)).

The clear error standard requires that the reviewing court affirm unless, on the entire evidence, the court is left with the definite and firm conviction that a mistake has been committed. *Alvariza v. Home Depot,* 241 F.R.D. 663, 664 (D. Colo. 2007). A Magistrate Judge's decision is "contrary to law" if it applies an incorrect legal standard, fails to consider an element of applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of procedure. *Morgal v. Maricopa County Bd. of Sup'rs,* 284 F.R.D. 452, 459

2

(D. Ariz. 2012).

A magistrate judge's factual findings are "clearly erroneous" when the district court is left with the definite and firm conviction that a mistake has been committed. *Security Farms v. International Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997); *Green v. Baca*, 219 F.R.D. 485, 489 (C.D. Cal. 2003). The " 'clearly erroneous' standard is significantly deferential." *Concrete Pipe and Products of California, Inc. v. Construction Laborers Pension Trust for Southern California*, 508 U.S. 602, 623 (1993).

## II. DISCUSSION

"[A] district court 'has wide latitude in controlling discovery' and [ ] decisions governing discovery are highly fact-intensive." *K'napp v. Adams*, 2014 WL 1616417, at *2 (E.D. Cal. April 22, 2014), citing *In re Anonymous Online Speakers*, 661 F.3d 1168, 1176 (9th Cir. 2011), quoting *White v. City of San Diego*, 605 F.2d 455, 461 (9th Cir. 1979); accord *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

The undersigned has examined the orders of June 2nd and June 25th and reviewed this entire case, including all of Plaintiff's objections, and finds that the Magistrate Judge appropriately considered Plaintiff's Requests and Defendant's Responses and denied Plaintiff's motions above.

### A. Objection - Vague and Ambiguous

The Magistrate explained that use of the phrases "any problems" (Request for Admissions, "RFA", 7), "designated to the ho window for restriction" (RFA 8), "any and all documents related to any open-ended complaints" (Request for Documents, "RFD", 14), and "any and all finished complaints" (RFD 15), was vague and ambiguous. Plaintiff argues that his requests are not vague when considered in context. However, the Magistrate's analysis of Plaintiff's use of the above phrases expressly reflects consideration of reasonable interpretations thereof in normal usage and context and that these phrases

3

remained unclear notwithstanding reasonable interpretation.

### B. Objection – Lack of Knowledge

The Magistrate also explained that further response to RFA 15,

> "ADMIT You made awear [sic] of the decision made by: Jeffrey J. Wang, M.D. (Chief Medical Officer); and Cherly Schutt, III (Health Care Manager); in regard's [sic] to the grievance in this complaint."

to which Defendant responded,

> "After a reasonable inquiry and a review of the decision regarding Plaintiff's grievance, Defendant can neither admit or deny this request because she does not recall whether she was made aware of the decision."

was denied because the Defendant, upon inquiry and review of the underlying grievance, sufficiently responded she could not recall information sufficient for her to admit or deny. See e.g., *Arroyo v. Adams*, 2014 WL 1338900, at *6 (E.D. Cal. April 02, 2014 ("I do not recall" sufficient as denial of request for admission).

Plaintiff argues that Defendant could have contacted both parties and refreshed her recollection before asserting lack of knowledge as a response to the request for admission. However, Plaintiff's does not allege facts that reasonable inquiry was not made or readily obtainable information was not reviewed. See e.g., *Asea, Inc., v. Southern Pac. Transp. Co.*, 669 F.2d 1242, 1247 (9th Cir. 1981) ("A response [to requests for admissions] which fails to admit or deny a proper request for admission does not comply with the requirements of Rule 36(a) if the answering party has not, in fact, made 'reasonable inquiry' or if information 'readily obtainable' is sufficient to enable him to admit or deny the matter.").

The Magistrate Judge's order denying reconsideration is not clearly erroneous or contrary to law because Plaintiff's merely re-argued the predicate motion without demonstrating any error of fact or law in the Magistrate Judge's underlying discovery order.

In summary, Plaintiff fails to demonstrate that the Magistrate Judge's orders above were clearly erroneous or contrary to law.

4

**III.     ORDER**

Accordingly, for the reasons stated, Plaintiff's motion for reconsideration (ECF No. 62) is DENIED.

IT IS SO ORDERED.

Dated:   **July 17, 2014**                              **/s/ Lawrence J. O'Neill**
                                                                  UNITED STATES DISTRICT JUDGE