UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDELL EARL MARTIN,<br><br>Plaintiff,<br><br>v.<br><br>M.D. LOADHOLT, et al.,<br><br>Defendants. | Case No.  1:10-cv-00156-LJO-MJS (PC)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>**(ECF No. 80)** |

## I.     PROCEDURAL HISTORY

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 28 U.S.C. § 1983. (ECF No. 31.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 of the United States District Court for the Eastern District of California.

On February 13, 2015, the Magistrate Judge issued Findings and Recommendations to grant Defendants' motion for summary judgment. (ECF No. 73.) Plaintiff objected, (ECF No. 77), and the undersigned adopted the findings and recommendations in full on March 30, 2015. (ECF No. 78.)

Before the Court is Plaintiff's motion for reconsideration. (ECF No. 80.)

## II. LEGAL STANDARD

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009). "A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised in earlier litigation." Id. Moreover, "recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." United States v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (quoting Bermingham v. Sony Corp. of Am., Inc., 820 F. Supp. 834, 856-57 (D.N.J. 1992)). Similarly, Local Rule 230(j) requires that a party seeking reconsideration show that "new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion . . . ."

## III. ANALYSIS

### A. Plaintiff's Claims

The action proceeds against Defendant Loadholt on Plaintiff's First Amendment retaliation claim. (ECF No. 31.) Plaintiff's claims may be summarized essentially as follows:

Plaintiff alleges that Defendant, a nurse practitioner, signed an order requiring Plaintiff to take his cholesterol medication by "directly observed therapy" (DOT) in retaliation for Plaintiff's grievance against her.

At an appointment with Loadholt on May 5, 2008, Plaintiff complained that he had not been notified of a change in the brand of his cholesterol medication. Although the parties characterize Plaintiff's attitude at the appointment differently, and dispute whether or not Plaintiff expressly refused to take the new medication, they agree that Plaintiff walked out of the appointment before it ended.

That day, Loadholt signed an order requiring Plaintiff to take the medication by "directly observed therapy" (DOT), that is, at the pill window, for three months. (ECF No. 61-5, at 17.) The next day, on May 6, Plaintiff filed a grievance against Loadholt for her unprofessional bedside manner. He withdrew his grievance several weeks later, after Dr. Ulit allegedly informed him that he would be allowed to keep his cholesterol medication on his person (KOP). Plaintiff had one more appointment with Loadholt, several weeks after the first appointment, during which she informed him verbally of the DOT order.

Plaintiff did not, apparently, obtain his medication KOP until sometime in the fall. Plaintiff grieved the issue, and the October 2008 decision granting the grievance indicated that Plaintiff's medication profile "stipulates that this medication is to be 'KEPT ON PERSON' (KOP), and the inmate/patient will not be required to acquire this medication through the medication line." (ECF No. 61-5, at 60.) The decision did not specify whether Plaintiff was being required to take his medication by DOT in contravention of his medication profile, or whether the problem had already been corrected by the time the decision issued. The decision also cited a California regulation prohibiting reprisals against inmates for filing appeals, (Id., at 61), but did not find that Plaintiff had suffered reprisals, suggest that the DOT order was a reprisal for Plaintiff's grievance against Loadholt, or otherwise link the regulation to Plaintiff's situation.

### B.   Defendant's Motion for Summary Judgment

Defendants moved for summary judgment on two grounds: 1) the signing of the DOT order *before* Plaintiff filed his grievance precluded a finding that the two events were causally related; and 2) Plaintiff had failed to establish an absence of correctional goals justifying the allegedly retaliatory DOT order.

Plaintiff responded that dates on various medical records, including the DOT order, had been changed so that they appeared to have been signed prior to the date Plaintiff filed his grievance. He also asserted that Loadholt's mention of the DOT order at the follow-up appointment, some weeks after he had filed his grievance, amounted to

retaliation. Finally, he asserted that the reference to reprisals in the administrative appeal decision was evidence that retaliation had occurred.

### C. Findings and Recommendations

The Magistrate Judge concluded that summary judgment was appropriate, agreeing with Defendants' arguments that the issuance of the DOT order prior to Plaintiff's grievance precluded a finding of retaliatory intent and that requiring Plaintiff to take his medication by DOT advanced the correctional goal of ensuring that he did not stop treating his high cholesterol. The Magistrate Judge also suggested, in the alternative, that Plaintiff had not presented sufficient evidence to indicate that taking medicine by DOT was, in fact, an "adverse action" for retaliation purposes. (ECF No. 73, at 9 n.3.) The Magistrate Judge found that Plaintiff's unsupported and conclusory arguments that the dates on his medical records had been changed, and that Loadholt's mention of a preexisting order several weeks after Plaintiff had filed his grievance did not create genuine issues of material fact.

### D. Motion for Reconsideration

Plaintiff reiterates his arguments that his records were falsified, that Loadholt retaliated against him at the follow-up appointment, and that the appeal response is evidence of retaliation. He also claims that "the Magistrate Judge erred when it found: 1) There was no adverse action taken against Plaintiff; 2) That Plaintiff was not chilled; and 3) That there was a penological interest in placing Plaintiff [sic] medication in the 'Dot-line' [sic] window." (ECF No. 80, at 5.)

### E. Analysis

Plaintiff's motion provides no basis for granting a motion for reconsideration. He merely recapitulates arguments the undersigned has already rejected. See Westlands Water Dist., 134 F. Supp. 2d at 1131. He has not produced any additional factual information supporting his allegations, nor are his claims of error valid. The decision to grant summary judgment did not depend on a finding of no adverse action, so any error

4

on this point would not affect the court's ruling.[1] Similarly, the Magistrate Judge never found that Plaintiff's First Amendment rights were not chilled; instead, it found that Plaintiff's claim failed in other respects.  Finally, Plaintiff has not challenged the validity of the correctional goal the Magistrate Judge found to justify the DOT order: namely the goal of having inmates continue to take their medications.  Instead, he argues that the invocation of this correctional goal depended on a finding that Plaintiff was incompetent. (ECF No. 80, at 9).  This is inaccurate: the Magistrate Judge made no conclusions about Plaintiff's competency, nor did it have to, in order to find the DOT order was justified. (See ECF No. 73, at 10). Accordingly, Defendant's motion for summary judgment was properly granted.

## IV. CONCLUSION AND ORDER

Plaintiff's arguments do not present a basis for granting reconsideration. Accordingly, Plaintiff's motion for reconsideration (ECF No. 80) is HEREBY DENIED.

**IT IS SO ORDERED**
**Dated: April 16, 2015**

                                              **/s/ Lawrence J. O'Neill**
                                              **United States District Judge**

---

[1] Assuming the Court *had* found an absence of adverse action, the Court notes that Plaintiff has still failed to provide any factual support for the proposition that taking medicine by DOT is a more-than-*de minimis* inconvenience.

5